UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS DUNNAIL KIRBY,<br><br>Petitioner,<br>v.<br><br>SUPERIOR COURT OF WASHINGTON COUNTY OF THURSTON, STATE OF WASHINGTON, RON HAYNES,<br><br>Respondent. | Case No. C20-6017 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JANUARY 18, 2022 |

This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. 2254, challenging the legality of his conviction for the crimes of first-degree of rape of a child and first-degree child molestation. Dkt. 5; Dkt. 10, Exhibit 7 at 4 ("Judgment and Sentence, *State v. Kirby*, Thurston County Superior Court No. 13-1-00143-1").

Petitioner was sentenced on July 6, 2016 by the Honorable Gary R. Tabor to concurrent indeterminate life sentences, with a minimum term of 310 months. *Id.*, Exhibit 7 at 4. Petitioner presents two grounds for relief: (1) the prosecutor committed misconduct in his rebuttal closing argument by misstating the reasonable doubt standard, and (2) defense counsel provided ineffective assistance at trial by failing to introduce evidence of J.W.'s[1] or his mother's motive to fabricate the accusations against

---

[1] J.W. is the name of the victim involved in Mr. Kirby's conviction.

REPORT AND RECOMMENDATION - 1

petitioner. Dkt. 5, at 5-7. The facts of petitioner's criminal case are summarized by the Washington Court of Appeals, Dkt. 10-12, *State v. Kirby*, No. 49162-1-II, at 2-4 and the Order Dismissing Petitioner, *In re Kirby*, Washington Supreme Court No. 97946-4. Dkt. 10, Exhibit 12; Exhibit 20. Both opinions are attached to this Report and Recommendation; in the interest of brevity, the facts will not be re-stated here.

Respondent has filed a response to the petition, in which he argues petitioner's first claim is barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1), and petitioner's second claim is procedurally barred. Respondent has argued that even if petitioner's claims are not barred by the statute of limitations or procedurally barred, they should be dismissed on the merits. After careful consideration of the petition, response, governing law and the balance of the record, the Court recommends that petitioner's claims be dismissed with prejudice as untimely and procedurally barred.

## BACKGROUND

A. <u>State Court Procedural History</u>

Mr. Kirby appealed his conviction. Dkt 10, Exhibit 9 ("Brief of Appellant"). The Washington Court of Appeals affirmed his judgment and sentence in an unpublished opinion on November 28, 2017[2]. *Id.*, Exhibit 12 ("Unpublished Opinion, *State v. Kirby*, Washington Court of Appeals No. 49162-1-II"). Mr. Kirby petitioned for review and the petition was denied by the Washington Supreme Court on April 4, 2018. *Id.*, Exhibit 15 ("Order Denying Review"). The Court of Appeals issued its mandate on April 25, 2018.

---

[2] While the Court of Appeals did affirm Mr. Kirby's judgment and sentence, it did remand the case to the sentencing court to correct scrivener's errors in his judgment and sentence. Dkt. 10, Exhibit 12, at 11.

*Id.*, Exhibit 16 ("Mandate"). On remand, the superior court entered an order on May 11, 2018 correcting the judgment and sentence. *Id.,* Exhibit 8 ("Order Correcting Scrivener's Error").

On April 24, 2019, Mr. Kirby timely filed a personal restraint petition. *Id.*, Exhibit 17 ("Personal Restraint Petition" or "PRP"). The Washington Court of Appeals dismissed the petition with prejudice. *Id.*, Exhibit 20 ("Order Dismissing Petition"). Mr. Kirby moved for discretionary review. *Id.*, Exhibit 21 ("Motion for Discretionary Review"). On March 26, 2020, the Washington Supreme Court denied the motion along with Mr. Kirby's motion to modify the commissioner's ruling. *Id.*, Exhibit 22 ("Ruling Denying Review"); Exhibit 24 ("Order [Denying Motion to Modify]"). The Court of Appeals issued a certificate of finality on July 24, 2020. *Id.*, Exhibit 25 ("Certificate of Finality").

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) authorizes a federal habeas court to grant relief to a prisoner whose state court conviction "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that "there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen*, 563 U.S. at 182.

The Court finds it is not necessary to hold an evidentiary hearing because Mr. Kirby's claims may be resolved on the existing state court record.

## DISCUSSION

**A. Exhaustion**

A petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). In exhausting his claims, petitioner must present each claim to the state's highest court. *See James v. Borg,* 24 F.3d 20, 24 (9th Cir.1994).

Respondent argues that Mr. Kirby's second ground for relief, ineffective assistance of counsel, was not exhausted. In accordance with the State of Washington's

established appellate review process, petitioner must demonstrate that he specifically raised each of his federal habeas petition's federal constitutional claims in both his PRP and his motion for discretionary review of the PRP decision: to exhaust state remedies, petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Rees*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (citing *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curium)). Each claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *see also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (holding that "general appeals to broad constitutional principles" fail to fairly present federal claims to state courts); 28 U.S.C. § 2254(a). A claim is not exhausted "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered." *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (rejecting the argument that "submission of a new claim to a State's highest court on discretionary review constitutes a fair presentation").

     Mr. Kirby's second claim is unexhausted because, although raised in the PRP, it was not presented to the Washington Supreme Court in the motion for discretionary review. Dkt. 10, Exhibit 17 at 15-18; Exhibit 21. The absence of this claim in the motion resulted in the Washington Supreme Court not receiving a fair presentation of this claim; the omitted claim is therefore unexhausted.

     **B. Procedural Bar**

For the reasons set forth in the preceding section, this Court concludes that petitioner failed to properly exhaust his state remedies with respect to his second ground for federal habeas relief. When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1992).

Respondent argues that petitioner, having failed to properly exhaust his federal habeas claim, would now be barred from presenting that claim to the state courts. *See* RCW 10.73.090 (time bar); RCW 10.73.140 (successive petition bar). RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. A judgment becomes final for purposes of state collateral review on the date the appellate court issues its mandate disposing of a timely direct appeal. RCW 10.73.090(3)(b). The mandate in Mr. Kirby's direct appeal was issued on April 25, 2018. Dkt. 10, Exhibit 16. It thus appears that the time bar set forth in RCW 10.73.090 would bar petitioner from returning to the state courts.

In addition, because petitioner has previously presented a PRP to the state courts, the state courts are unlikely to entertain another such petition from petitioner. *See* RCW 10.73.140. Accordingly, this Court concludes that petitioner has procedurally defaulted on his second ground for relief.

### C. Cause and Prejudice

When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750.

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To show "prejudice," the petitioner must show not merely that the alleged errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray v. Carrier*, 477 U.S. at 495-96.

Petitioner fails to establish that any factor external to the defense prevented him from complying with the state's procedural rules. Because petitioner has not met his burden of demonstrating cause for his procedural default, this Court need not determine whether petitioner carried his burden of showing actual prejudice. *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir.1989) (citing *Smith v. Murray*, 477 U.S. 527,

533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)). In addition, petitioner makes no colorable showing of actual innocence. Petitioner therefore fails to demonstrate that his second ground for relief is eligible for review in this federal habeas proceeding. Petitioner's federal habeas petition should therefore be dismissed with respect to this claim.

### D.  Statute of Limitations- 28 U.S.C. 2244(d)

Respondent, in his answer to Mr. Kirby's federal habeas petition, argues the petition is untimely under 28 U.S.C. 2244(d). Dkt. 9, at 12-17.

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24, 1996, the statute generally begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, the judgment becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the petitioner never files a timely direct review, the direct review process concludes upon expiration of time for seeking such review, and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

For purposes of § 2244(d)(1)(D), the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." See *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001). Here, petitioner has made no contention that claims raised in his petition are based on facts of which he was unaware or which could not have been discovered through the exercise of due diligence prior to July 3, 2018, the date his conviction became final. Thus, July 3, 2018 is the relevant starting point for the limitations period regarding Claim 1 in Mr. Kirby's case.

The Washington Supreme Court denied review in Mr. Kirby's appeal of the judgment and sentence on April 4, 2018. Dkt. 10, Exhibit 15. The time for filing a petition for writ of certiorari with the Supreme Court expired ninety days later on July 3, 2018. Sup. Ct. R. 13. Thus, Mr. Kirby's judgment and sentence became final on July 3, 2018.

On April 24, 2019, petitioner filed a personal restraint petition with the Washington Court of Appeals. The filing of this personal restraint petition tolled the federal statute of limitations. The Court of Appeals issued a certificate of finality concerning the PRP on July 24, 2020, and the federal statute of limitations was running on that date.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

1  not be counted toward any period of limitation under this subsection." 28 U.S.C.
2  2244(d)(2). However, a petitioner is not entitled to any statutory tolling during the
3  interval between the date his conviction became final, and the date he filed his first state
4  collateral challenge. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999).

5      Mr. Kirby's state collateral challenge was filed on April 24, 2019, which was 295
6  days after Mr. Kirby's conviction became final. The timely filing of his PRP stopped the
7  AEDPA clock and thus, Mr. Kirby was entitled to statutory tolling beginning on April 24,
8  2019. On July 24, 2020, the Court of Appeals issued its certificate of finality; thus, the
9  state petition ceased to be pending on that date. The AEDPA clock began running again
10 on July 24, 2020, and Mr. Kirby's deadline for filing a timely federal habeas petition was
11 before October 5, 2020. Because Mr. Kirby did not file his petition until October 14,
12 2020, his petition is time-barred under 2244(d).

13     AEDPA's statute of limitations is also subject to equitable tolling. *Pace*, 544 U.S.
14 at 418. The Supreme Court, however, has indicated that equitable tolling is only
15 applicable in limited circumstances. *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002)
16 ("Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary
17 circumstances beyond a prisoner's control make it impossible to file a petition on time.")
18 (internal quotations omitted). To prevail with such an argument, the petitioner bears the
19 burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some
20 extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418.

21     Here, petitioner has alleged no "extraordinary circumstances" beyond his control
22 that have made it impossible for him to file a timely petition. Furthermore, no such
23 evidence is apparent from the Court's review of the record. Accordingly, because the
24
25

NOTED FOR JANUARY 18, 2022 - 10

petition was filed after the running of the statute of limitations, and because no evidence justifies equitable tolling, petitioner's claims should be dismissed as time-barred.

Because the Court finds that this petition is barred procedurally and by AEDPA's statute of limitations, it is not necessary to address the underlying substance of petitioner's arguments.

### E. Certificate of Appealability (COA)

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

### CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice. The parties have fourteen

(14) days from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on January 18, 2022, as noted in the caption.

Dated this 4th day of January, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge