UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS DUNNAIL KIRBY,

    Petitioner,

v.

RON HAYNES,

    Respondent.

CASE NO. C20-6017 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION AND REQUESTING RESPONSE

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 17, and Petitioner Douglas Kirby's objections to the R&R, Dkt. 18.

## I.    BACKGROUND

Kirby brings a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of two counts of first-degree rape of a child and two counts of first-degree child molestation in Thurston County Superior Court. Dkt. 5. Kirby asserts two grounds for relief: (1) that the prosecutor committed misconduct in his rebuttal closing argument by misstating the reasonable doubt standard; and (2) that defense counsel provided ineffective assistance at trial by failing to introduce evidence of the

ORDER - 1

victim's or the victim's mother's motive to fabricate the accusations against Kirby. *Id.* at 5–7. Kirby was sentenced on July 6, 2016 to concurrent indeterminate life sentences, with a minimum term of 310 months. Dkt. 10-1, Ex. 7, at 694–708.

Respondent Ron Hayes responded to the petition and argued that Kirby's first ground was barred by the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1), and that Kirby's second ground was procedurally barred. Dkt 12. The R&R agreed, concluding that Kirby failed to exhaust and procedurally defaulted on his second ground for relief. *See* Dkt. 17 at 4–6. The R&R further concluded that the Court is barred from reviewing the second ground because Kirby failed to demonstrate cause for the default and actual prejudice, and failed to demonstrate that failure to consider the ground would result in a fundamental miscarriage of justice. *Id.* at 7–8. As to the first ground, the R&R agreed with Respondent that Kirby's petition was untimely and time-barred. *Id.* at 8–11. The R&R thus recommends that the Court dismiss Kirby's petition with prejudice and not issue of a certification of appealability. *Id.* at 11–12. Kirby objects to the R&R's conclusion that there would not be a fundamental miscarriage of justice resulting from his procedural default. Dkt. 18.

## II.   DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 2

1    When a petitioner challenging his state conviction has procedurally defaulted,
2    "federal habeas review of the claims is barred unless the prisoner can demonstrate cause
3    for the default and actual prejudice as a result of the alleged violation of federal law, or
4    demonstrate that failure to consider the claims will result in a fundamental miscarriage of
5    justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A court may grant a writ in
6    "an extraordinary case, where a constitutional violation has probably resulted in the
7    conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496
8    (1986). To satisfy this standard, "a petitioner must show that it is more likely than not
9    that no reasonable juror would have found [the] petitioner guilty beyond a reasonable
10   doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

11   To make a credible claim of actual innocence, a petitioner must "support his
12   allegations of constitutional error with new reliable evidence—whether it be exculpatory
13   scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that
14   was not presented at trial." *Id.* at 324. Because of "the rarity of such evidence, in virtually
15   every case, the allegation of actual innocence has been summarily rejected." *Shumway v.*
16   *Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thompson*, 523 U.S. 538,
17   559 (1998)).

18   Kirby makes passing reference to cause and actual prejudice, *see* Dkt. 18 at 1, but
19   focuses his arguments on actual innocence, *see id.* at 1–2. Kirby argues that he did not
20   commit the crimes he is convicted of and that the allegations derive from a child custody
21   dispute between the victim's father and mother. *Id.* The evidence of the custody dispute
22   was available at the time of Kirby's trial, as it was on-going in 2013, but it appears that

the evidence was not introduced. Indeed, the Washington State Court of Appeals held that Kirby's defense counsel did not render ineffective assistance by failing to call the victim's stepmother and introducing evidence of the custody dispute. *See* Dkt. 10-1, Ex. 20, at 955. At most, evidence of the custody dispute shows that is *possible* that a jury would not have convicted Kirby. But it does not make it "more likely than not that no reasonable juror would have convicted him." *United States v. Benboe*, 157 F.3d 1181, 1184 (9th Cir. 1998) (internal quotation omitted). Kirby has thus failed to demonstrate that he qualifies for the "actual innocence" exception to the procedural default rule.

In Kirby's remaining objections, he argues for the first time that (1) the prosecutor knew about the child custody dispute but did not disclose the information, resulting in prosecutorial vindictiveness, and (2) his counsel rendered ineffective assistance in closing arguments. Dkt. 18 at 3–4. The Court could exercise its discretion and consider these new grounds waived but declines to do so here. *See Portillo v. Biter*, No. CV 12-6447 BRO(JC), 2015 WL 4272948, at *1 & n.1 (C.D. Cal. July 13, 2015) (declining to consider new evidence and arguments presented for the first time in the traverse and/or objections); *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (affirming that arguments raised for the first time in a petitioner's reply brief are deemed waived). Although these grounds seem likely to have similar procedural issues, the Court requests a supplemental response from Hayes.

\\

\\

\\

### III.   ORDER

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**;

(2)   Petitioner Douglas Kirby's petition for writ of habeas corpus, Dkt. 5, is **DENIED in part**; and

(3)   Respondent Ron Hayes shall file a supplemental response to the grounds asserted in Kirby's objections on or before **April 4, 2022**. Kirby may file a reply no later than **April 15, 2022**. The Clerk shall renote Kirby's petition, Dkt. 5, for consideration on the Court's April 15, 2022 calendar.

Dated this 15th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge